UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,
SUCCESSOR IN INTEREST BY MERGER TO
GULF INSURANCE COMPANY,

                          Plaintiff,                    06 Civ. 4724 (RPP)

    - against -                                 **OPINION & ORDER**

G & A RENOVATION & RESTORATION, INC.,
a/k/a G and A RENOVATION AND RESTORATION,
INC., GEORGE KARIDIS, AND MARY KARIDIS,

                          Defendants.
------------------------------------------------------------------X

       Pursuant to Fed. R. Civ. P. 55(c), Defendant Mary Karidis moves to vacate a default filed in this action on February 9, 2007. On June, 20, 2006 the Plaintiff filed the Complaint, charging Ms. Karidis and her husband, Defendant George Karidis, with breach of an indemnity agreement. According to an affidavit of service dated on August 21, 2006, Luis Agostini served Defendant Mary Karidis with a copy of the Summons and Complaint by delivering the documents to George Karidis on August 18, 2006 at 1575 Williamsbridge Road, Apt. 3K, Bronx, NY, and mailing a copy to Defendant Mary Karidis at the same address. Both Defendants failed to answer the Complaint. On October, 19, 2006, Plaintiff requested that a default be entered against both Defendants, and the Court granted that request on February 9, 2007.

       In a motion dated July 20, 2007, Ms. Karidis moves to vacate the default based on improper service and lack of personal jurisdiction. (Mary Karidis Aff. ¶ 1, July 20, 2007) Fed. R. Civ. P. 4(e)(2) states, in relevant part, that service may be effected "by delivering a copy of the summons and of the complaint to the individual personally or by

leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

In her affidavit dated July 20, 2007, Ms. Karidis does not deny that 1575 Williamsbridge Road was her "dwelling house" or her "usual place of abode." Rather, she asserts that "[o]n or about August 2006, I resided at 272 Green Lake Road, Catskill, N.Y. 12414.  I also maintained a residence at 1575 Williamsbridge Road, Bronx NY 10461, however, I did not reside at that address for a period of time which included the month of August 2006.  I was never served with a Complaint nor have I ever received notice of the above referenced civil action." (Mary Karidis Aff. ¶¶ 2-3, July 20, 2007.) In view of Ms. Karidis' failure to deny that 1575 Williamsbridge Road was her dwelling house or usual place of abode, Plaintiff did effect service on her on August 18, 2006 and this Court has personal jurisdiction over Ms. Karidis.  Ms. Karidis' motion to vacate the default based on improper service and lack of personal jurisdiction is denied.

Fed. R. Civ. P. 55(c) states that "for good cause shown the court may set aside an entry of default."   A court must consider three factors in determining whether good cause exists for granting a defaulting party relief:  1) whether the default was willful; 2) whether setting aside the default would prejudice the adversary; and 3) whether a meritorious defense is presented. <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993).  To succeed on a motion to vacate a default, the Defendant must show good cause by presenting evidence on each of these factors. <u>Id.</u> <u>See also</u> <u>Davis v. Musler</u>, 713 F.2d 907 (2d Cir. 1983); <u>Traguth v. Zuck</u>, 710 F.2d 90 (2d Cir. 1983).

Ms. Karidis states in her affidavit that she was never served with a Complaint and that she never received notice of this action (Mary Karidis Aff. ¶ 3), thus raising an issue

2

of the willfulness of the default. Ms. Karidis also states that she reviewed the underlying General Agreement of Indemnity ("Indemnity Agreement") entered into with the Plaintiff, and that the signature purporting to be her own is not hers. (Mary Karidis Aff.¶ 8). She states that she has never signed the Indemnity Agreement and that she has never seen or discussed the Agreement with anyone until she learned of this action, thus raising the issue of a meritorious defense. (Id.) Ms. Karidis has not provided the Court with supporting affidavits from Defendant George Karidis or from Gary Hart, the notary public who notarized the Indemnity Agreement, nor has Ms. Karidis offered evidence demonstrating that setting aside the default would not prejudice the Plaintiff.

In accordance with Fed. R. Civ. P. 43(c), the Court will hold a fact-finding hearing on Friday, October 19, 2007 at 10:30 a.m. in consideration of the aforementioned three factors. Defendants George Karidis and Mary Karidis, and Gary Hart should testify at the hearing. Plaintiff may also present evidence on these issues.

IT IS SO ORDERED.

Dated: New York, New York
October 11, 2007

                                              Robert P. Patterson, Jr.
                                              U.S.D.J.

Copy of this Order sent to:

Counsel for Defendant Mary Karidis

Rocco Ernesto Vozza
Mark A. Varrichio & Associates
3144 Westchester Avenue
Bronx, NY 10461
(718)-863-2897
Fax: (718)-863-3136

Defendant George Karidis
1575 Williamsbridge Road
Apartment 3K
Bronx, NY 10461

Defendant G & A Renovation and Restoration, Inc.
1575 Williamsbridge Road
Apartment 3K
Bronx, NY 10461

Counsel for Plaintiff

Adam R. Schwartz
McElroy, Deutsch, Mulvaney & Carpenter, LLP(NJ)
1300 Mount Kemble Avenue
PO Box 2075
Morristown, NJ 07962
(973)-425-8837
Fax: (973)-425-0161

Scott Aaron Levin
McElroy, Deutsch, Mulvaney & Carpenter, LLP (NY)
Wall Street Plaza, 88 Pine Street, 24th Floor
New York, NY 10005
(212)-483-9490
Fax: (212)-483-9129